UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ARTUR P. L.,[1]

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

CASE NO. 3:23-CV-111-MGG

**OPINION AND ORDER**

This matter is before the Court for judicial review of a final decision of the Commissioner of Social Security Administration ("SSA") denying the application of the Plaintiff Artur P. L. ("Mr. L") for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). Section 405(g) of the Act provides, *inter alia*, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the finding and decision complained are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." Additionally, here, this Court may enter a ruling based on the parties' consent to the undersigned pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g). [DE 11].

---

[1] To protect privacy interests, and consistent with the recommendation of the Judicial Conference, the Court refers to the plaintiff by first name, middle initial, and last initial only.

**I.   STANDARD OF REVIEW**

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity; by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months…." 42 U.S.C. § 416(i)(1); 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). It is not sufficient for a plaintiff to demonstrate that an impairment exists. Rather, the plaintiff must establish that the impairment is severe enough to prevent him from engaging in substantial gainful activity. *Gotshaw v. Ribicoff,* 307 F.2d 840 (4th Cir. 1962), *cert. denied,* 372 U.S. 945 (1963); *see also Garcia v. Califano,* 463 F.Supp. 1098 (N.D. Ill. 1979). Thus, the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson,* 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen,* 425 F.2d 20 (7th Cir. 1970).

The court's role in reviewing Social Security cases is limited. *Elder v. Astrue,* 529 F.3d 408, 413 (7th Cir. 2008). The court must uphold the decision of the Administrative Law Judge ("ALJ") so long as it is supported by substantial evidence. *Thomas v. Colvin,* 745 F.3d 802, 806 (7th Cir. 2014) (citing *Similia v. Astrue,* 573 F.3d 503, 513 (7th Cir. 2009)). Although "the threshold for such evidentiary sufficiency is not high," substantial evidence still requires "more than a mere scintilla." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). It means

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001) (internal citation and quotation marks omitted).

However, the deference for the ALJ's decision is lessened where the ALJ's findings contain errors of fact or logic or fails to apply the correct legal standard. *Schomas v. Colvin*, 732 F.3d 702, 708-09 (7th Cir. 2013). Additionally, an ALJ's decision cannot stand if it lacks evidentiary support or inadequately discusses the issues. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). An ALJ's decision will lack sufficient evidentiary support and require remand if it is clear that the ALJ "cherry-picked" the record to support a finding of non-disability. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010); *see also Wilson v. Colvin*, 48 F. Supp. 3d 1140, 1147 (N.D. Ill. 2014). At a minimum, an ALJ must articulate his analysis of the record to allow the reviewing court to trace the path of his reasoning and to be assured the ALJ has considered the important evidence in the record. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). While the ALJ need not specifically address every piece of evidence in the record to present the requisite "logical bridge" from the evidence to his conclusions, the ALJ must at least provide a glimpse into the reasoning behind his analysis and the decision to deny benefits. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *see also Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015).

Thus, the question upon judicial review is not whether the claimant is, in fact, disabled, but whether the ALJ used "the correct legal standards and the decision [was] supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2007).

3

When reviewing the Commissioner's findings under Section 405(g), the court cannot reconsider facts, reweigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan,* 985 F.2d 334, 336 (7th Cir. 1993). If, however, an error of law is committed by the Commissioner, then the "court must reverse the decision regardless of the volume of evidence supporting the factual findings." *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997).

## II.   OVERVIEW OF THE CASE

In the present matter, Mr. L applied for SSI on June 30, 2021, alleging a disability onset date of September 15, 2019. Mr. L's application was denied initially on September 23, 2021, and upon reconsideration on December 21, 2021. A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen,* 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert,* 482 U.S. 137, 140-41 (1987). The five-step inquiry under the Act includes determinations as to: (1) whether the claimant is doing substantial gainful activity; (2) whether the claimant's impairments are severe; (3) whether any of the claimant's impairments, alone or in combination, meet or equal one of the Listings in Appendix 1 to Subpart P of Part 404; (4) whether the claimant can perform his past relevant work based upon his residual functional capacity (RFC)[2]; and

---

[2] A claimant's residual functional capacity or RFC is "an assessment of what work-related activities the claimant can perform despite her limitations." *Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004). "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically

4

(5) whether the claimant is capable of performing other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at every step except the fifth. *Clifford*, 227 F.3d at 868.

After a hearing, the ALJ made the following findings using this five-step test:

1. The claimant has not engaged in substantial gainful activity since June 30, 2021, the application date. (20 CFR 416.971 *et. seq.*).

2. The claimant has the following severe impairments: lumbar spinal stenosis and history of schizophrenia. (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (20 CFR 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that the claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. The claimant can never climb ladders, ropes, or scaffolds. The claimant must avoid exposure to unprotected heights or dangerous moving machinery. The claimant can understand, remember, and carry out simple instructions and make simple work-related decisions. The claimant can tolerate occasional changes in work setting. The claimant can tolerate occasional interaction with coworkers, supervisors, and the public, but no

---

determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (citations omitted).

    teamwork or tandem tasks. As of May 26, 2022, the claimant would need a cane for ambulation.

5. The claimant is unable to perform any past relevant work. (20 CFR 416.965).

6. The claimant was born on January 24, 1990, and was 31 years old, which is defined as a younger individual age 18-44, on the date the application was filed. (20 CFR 416.963).

7. The claimant has a limited education. (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 CFR 416.969 and 416.969a).[3]

10. The claimant has not been under a disability, as defined in the Social Security Act, since June 30, 2021, the date the application was filed. (20 CFR 416.920(g)).

---

[3] Based on the testimony of the vocational expert, Mr. L would be able to perform the requirements of the following representative occupations: assembler (DOT# 739.684-094) with 19,000 jobs nationally, film touch up inspector (DOT# 726.684-050) with 11,000 jobs nationally, and tube operator (DOT# 239.687-014) with 9,000 jobs nationally. [DE 13, at 30].

[DE 13, at 21 – 30]. Based on the above findings, the ALJ rendered an unfavorable decision on August 31, 2022, which led to the present appeal.

### III.  LEGAL ANALYSIS

Plaintiff filed his opening brief on May 22, 2023 [DE 14]. On July 28, 2023, the Commissioner filed a memorandum in support of the decision [DE 18], to which Plaintiff replied on August 11, 2023 [DE 19]. Upon full review of the record in this cause and for the reasons discussed below, the decision of the Commissioner should be reversed and remanded.

In support of remand, Mr. L argues that the ALJ erred when she rejected the medical opinions of treating physicians and state agency consultants, and instead interposed her lay opinion. [DE 14, at 9-11]. Mr. L also alleges that the ALJ failed to fully develop the record. [*Id.*, at 11-13].

With respect to the first argument, Plaintiff contends the ALJ impermissibly relied upon her own lay opinion in assessing the RFC. [*Id.*, at 9]. In her decision, the ALJ found that all the medical opinions were "not persuasive." [DE 13, at 28-29]. Specifically, the ALJ considered and found unpersuasive the medical opinions of Drs. Sokolowski and Piotrowski as well as the opinions of the State Agency Medical and Psychological Consultants. [*Id.*].

The ALJ must rely on medical evidence at every part of the five-step inquiry. For instance, even before the RFC, the ALJ's determination as to whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on that issue. *Barnett v. Barnhart,* 381 F.3d 664, 670 (7th Cir. 2004)(citing

7

20 C.F.R. § 404.1526(b): "Medical equivalence must be based on medical findings….[w]e will also consider the medical opinion given by one or more medical or psychological consultants designated by the Commissioner in deciding medical equivalence."). *See also,* S.S.R. 96–6P at 3 ("[L]ongstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight."), *reinstating* S.S.R. 83–19.

As such, it is well established that "an ALJ must not substitute [her] own judgment for a physician's opinion without relying on other medical evidence or authority in the record." *Clifford,* 227 F.3d at 870. Likewise, "[an ALJ] may not "play doctor" by using [her] own lay opinions to fill evidentiary gaps in the record," *Chase v. Astrue,* 458 F.App'x 553, 557 (7th Cir. 2012), and may not substitute her lay opinion for all other medical sources in the record. *Kara v. Kijakazi*, No. 20-CV-0344-BHL, 2022 WL 4245022, at *2 (E.D. Wis. Sept. 15, 2022). Furthermore, "ALJ's are not permitted to construct a 'middle ground' [RFC] without a proper medical basis." *Norris v. Astrue,* 776 F.Supp.2d 616, 637 (N.D. Ill. 2001). In fact, an ALJ creates reversible error when she engages in a series of speculative independent medical findings that are untethered to professional medical opinion or scrutiny. *Lambert v. Berryhill*, 896 F.3d 768, 774 (7th Cir. 2018)("ALJs must rely on expert opinions instead of determining the significance of particular medical findings themselves").

Yet, this is precisely what the ALJ did in this case – she interposed her opinion for that of medical experts and constructed a "middle ground" RFC without a proper medical basis. In her decision, the ALJ rejected both the opinions of Plaintiff's treating physician, Dr. Piotrowski (who stated that plaintiff was disabled as of November 2019 with a guarded prognosis), and Plaintiff's orthopedic surgeon, Dr. Sokolowski (who stated that plaintiff had lumbar radiculopathy, could sit for about two hours of an eight-hour workday, and would need to walk around two to three minutes every 30 minutes). [DE 13 at 26-27]. The ALJ likewise rejected the opinions of the State Agency Medical Consultants (who found that plaintiff has capacity to work at light exertion with postural limitations) and the State Agency Psychological Consultants (who found plaintiff has no medically verifiable impairments) [*Id*. at 28].

After rejecting all the medical opinion evidence in the record, the ALJ then concluded on her own that the Plaintiff had an RFC to perform sedentary work with certain additional limitations. [*Id.* at 13]. The ALJ stated that, "[i]n making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." [*Id*.]. Here, the ALJ's consideration of the "medical evidence" was tantamount to playing doctor and resulted in a compromised RFC based on her lay medical opinion. As such, remand is required on this issue alone as the ALJ "failed to construct the requisite accurate and logical bridge from the evidence to the ALJ's 'middle ground' physical RFC." *Marianne T. v. Saul*, No. 19 C 6171, 2021 WL 1088322, at *4 U.S. Dist. LEXIS 52725 at *13 (N.D. Ill. Mar. 22, 2021).

9

This leaves the Court to consider Plaintiff's second argument, i.e., that the ALJ failed to fully develop the record. As the Court is remanding on other grounds, it is unnecessary to discuss this argument in detail; however, the Court will mention an issue tied to both arguments on remand – an evidentiary deficit.

An ALJ is not required to adopt a specific physician opinion in crafting an RFC, but by not adopting any medical opinion—as the ALJ did here—the ALJ created an evidentiary deficit. *Tammy M. v. Saul*, No. 2:20CV285, 2021 WL 2451907, at *8 (N.D. Ind. June 16, 2021); *see also Suide v. Astrue*, 371 Fed. Appx. 684, 689-90 (7th Cir. 2010) (lack of reliance on any physician opinion evidence created an evidentiary deficit); *Pereida v. Saul*, No. 220CV00107RLMSLC, 2021 WL 327517 (N.D. Ind. Jan. 14, 2021), *report and recommendation adopted,* No. 2:20-CV-107 RLM-SLC, 2021 WL 327397 (N.D. Ind. Feb. 1, 2021) ("The ALJ did not provide evidence to explain how he came to the RFC limitations, and the creation of such middle ground without medical evidence to support his decision requires remand"). Here, the ALJ created a situation where the RFC could only be supported by her lay interpretation of medical findings because she had rejected all relevant medical opinions as unpersuasive.

To avoid an evidentiary deficit on remand, the ALJ should first analyze, in detail, whether each medical expert's opinion of Mr. L's physical and mental limitations is persuasive or unpersuasive. This analysis should be tied to the factors outlined in 20 CFR 404.1520c and should describe in the requisite detail how the other portions of the record either conflict with or support each expert's opinion and how the opinion is consistent or inconsistent with expert's records. After completing this detailed analysis,

10

if the ALJ still determines that these medical expert opinions are all generally unpersuasive, then the ALJ must fill in the "evidentiary deficit either by seeking further information from [the medical experts] or [by] obtaining the opinions of [another] independent examining physician or medical expert." *Daniels v. Astrue*, 854 F. Supp. 2d 513, 523 (N.D. Ill. 2012); *see also Barnett*, 381 F.3d at 669 (where an ALJ was concerned with the lack of support for a long-term treating physician's opinion, the ALJ should have contacted the doctor for clarification or sought other expert medical opinions, if necessary). Here, the ALJ did not seek clarification from the treating physicians or the agency consultants, and/or did not consult with other medical experts before rendering her decision. This left an unresolved evidentiary deficit at the core of the ALJ's decision, which was not supported by substantial evidence. *Stephanie Z. v. Kijakazi*, No. 20 CV 5808, 2023 WL 2572429, at *4 (N.D. Ill. Mar. 20, 2023)(citing *Ana M.A.A. v. Kijakazi*, 2021 WL 3930103, at *2 (N.D. Ill. 2021)).

For the foregoing reasons, the Courts finds that this matter must be remanded to the Commissioner for further proceedings consistent with the Order. The Court reminds the Commissioner that more effort should be taken on remand to ensure that the opinions of the Plaintiff's treating physicians are properly assessed, Plaintiff's subjective symptoms are properly evaluated, and Plaintiff's RFC does not suffer from an evidentiary deficit.

IV. **CONCLUSION**

For the above reasons, the case is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C § 405(g).

**SO ORDERED** this 22nd day of March 2024.

                                                                s/ Michael G. Gotsch, Sr.
                                                                Michael G. Gotsch, Sr.
                                                                United States Magistrate Judge